**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| SYLVIA BROWN COUVILLION, INDIVIDUALLY AND AS THE TESTAMENTARY EXECUTRIX OF THE SUCCESSION OF JOHN C. COUVILLION | CIVIL ACTION NO. 12-CV-204 |
| VERSUS | |
| REDDY ICE CORPORATION AND METROPOLITAN LIFE INSURANCE CORPORATION | |

## RULING

This matter is before the Court on the *Motion for Partial Summary Judgment*[1] by Plaintiff, Sylvia Brown ("Plaintiff"), and the *Motion for Summary Judgment*[2] and *Motion to Strike Affidavit*[3] by Defendant Metropolitan Life Insurance Corporation ("MetLife" or "Defendant").[4] The parties have filed *Oppositions*[5] to all motions. For the reasons which follow, the Court finds that all motions should be denied.

In this case, Plaintiff is the designated beneficiary of a group life insurance policy provided to her late husband, John Couvillion, through the Reddy Ice Group, Inc. ("Reddy")

---

[1] Rec. Doc. No. 30.

[2] Rec. Doc. No. 32.

[3] Rec. Doc. No. 37.

[4] The record reflects that Defendant Reddy Ice Corporation is in a Chapter 11 bankruptcy and has not made an appearance in this action. *See* Rec. Doc. No. 5.

[5] Rec. Doc. Nos. 34, 35, & 39.

life insurance plan (the "Plan").[6] This action is governed by the Employee Retirement Income Security Act of 1974, known as "ERISA."[7] Plaintiff claims that she is entitled to a death benefit of $148,000 from the Plan based on her husband's death on July 12, 2011. Plaintiff made a claim to MetLife on August 10, 2011,[8] which was denied by MetLife on October 11, 2011.[9] Plaintiff appealed this determination, and MetLife again denied the claim on November 3, 2011.[10]

Plaintiff filed this lawsuit against the Defendants, and MetLife submitted the administrative record in connection therewith.[11] Plaintiff argued, and continues to argue, that several documents were missing from the administrative record.[12]

The Plaintiff has alleged that the Plan administrator has a conflict of interest in this case. When an administrator has a conflict of interest, the reviewing court applies a "sliding scale" abuse of discretion standard to its review of the factual determination.[13] When a party is both the insurer and administrator of the Plan, the Fifth Circuit has recognized an

---

[6] Rec. Doc. No. 7-2, at 1-79.

[7] 29 U.S.C. § 1001 *et seq.*

[8] Rec. Doc. No. 7-3, at 66-67.

[9] *Id.* at 75-77.

[10] *Id.* at 89-91.

[11] Rec. Doc. Nos. 7-2 & 7-3.

[12] On July 12, 2013, the Magistrate Judge granted in part and denied in part Plaintiff's *Motion to Modify ERISA Case Order to Permit Limited Discovery*. Rec. Doc. No. 13. The Plaintiff remains unsatisfied with the responses from MetLife.

[13] *Jez v. Dow Chemical Co., Inc.*, 402 F.Supp.2d 783, 785 (S.D. Tex. 2005)(citing *Vega*, 188 F.3d at 297-99).

inherent conflict of interest.[14] Additionally, the Fifth Circuit has recognized, it is nearly impossible for a plaintiff to show a conflict of interest without going beyond the administrative record.[15] While evidence outside the record may be admissible to show the existence and extent of a conflict of interest, it is only admissible on the issue of what standard the court should apply in reviewing the administrator's decision. Such evidence is not admissible to show that the administrator's decision was unreasonable or incorrect.[16] The reviewing court must look only at the administrative record in making that determination.[17]

Because the information contained in Plaintiff's *Affidavit* may be relevant to show that the Plan administrator in this case had a conflict of interest, the Court DENIES MetLife's *Motion to Strike Affidavit.*[18] The Court cannot decide on the current record whether or to what extent there may be a conflict of interest in this case. Consequently, the Court cannot determine whether or to what extent the standard of review should be adjusted along the "sliding scale" to make the ultimate determination of whether the administrator's decision survives the proper standard of review.

---

[14] *Id.* at 785 n. 2.

[15] *Id.* at 785-86 (citing *Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 356 (5th Cir.2004) ("There is no practical way for the extent of the administrator's conflict of interest to be determined without the arbitrator going beyond the record of the administrator."); *see also Lain v. UNUM Life Ins. Co.*, 279 F.3d 337, 343 n. 7 (5th Cir.2002) (discussing outside evidence relevant to district court's determination of the proper level of deference); *Vega,* 188 F.3d at 301 (discussing evidence outside the administrative record in determining the level of conflict of interest that existed); *McClure v. Vice President, Human Res., Union Carbide Corp.*, No. Civ. A. H030054, 2005 WL 1214645, at *3 n. 10, *12 (S.D.Tex. May 20, 2005) (applying *Kergosien* to allow consideration of limited evidence outside the administrative record on the issue of conflict of interest only)).

[16] *Id.* at 786, citing *Gooden v. Provident Life & Accident Ins. Co.*, 250 F.3d 329, 332–33 (5th Cir.2001); *Vega*, 188 F.3d at 298.

[17] *Id.*

[18] Rec. Doc. No. 37.

Furthermore, the Court has carefully considered the applicable jurisprudence, the memoranda, and the evidence in the administrative record in this case. Rule 56(a) of the Federal Rules of Civil Procedure mandates that a court "shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Based on the administrative record in this case, the Court finds that, even without consideration of Plaintiff's *Affidavit*, genuine issues of fact exists as to the date that John Couvillion's employment ended and whether Reddy continued to pay premiums on John Couvillion's behalf. A trial is therefore necessary to determine whether a conflict of interest exists in this case and subsequently what standard of review the Court should utilize under that determination. Additionally, the factual issues set forth must also be resolved to the Court's satisfaction before the Court can determine whether the Plan administrator made a legally correct interpretation of the Plan or abused discretion in denying Plaintiff's claim.

Therefore, the motions by both parties for summary judgment[19] are DENIED. The *Motion to Strike Affidavit*[20] is also DENIED.

IT IS SO ORDERED.

Signed in Baton Rouge, Louisiana, on May 14, 2014.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[19] Rec. Doc. Nos. 30 & 32.

[20] Rec. Doc. No. 37.