UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SYLVIA BROWN COUVILLION,
INDIVIDUALLY AND AS THE
TESTAMENTARY EXECUTRIX OF
THE SUCCESSION OF JOHN
C. COUVILLION

CIVIL ACTION NO.

12-CV-204-SDD-RLB

VERSUS

REDDY ICE CORPORATION AND
METROPOLITAN LIFE INSURANCE
CORPORATION

## RULING

This matter is before the Court on the *Motion for Reconsideration*[1] by Defendant Metropolitan Life Insurance Corporation ("MetLife" or "Defendant"). The Plaintiff has filed an *Opposition*[2] to the motion. While the Defendant is correct that the Court cited to pre-*Glenn*[3] jurisprudence in its *Ruling*[4] denying the parties' motions for summary judgment, the Court notes that the Fifth Circuit has held following *Glenn*:

> Nonetheless, much of our "sliding scale" precedent is compatible with the Supreme Court's newly clarified "factor" methodology, and *Glenn* does not supercede that precedent to the extent it reflects the use of a conflict as a factor that would alter the relative weight of other factors. *See Vega*, 188 F.3d at 296 (adopting the sliding-scale approach because it adheres to the use of a conflict as a factor in the abuse of discretion analysis); *Id.* at 297 ("The existence of a conflict is a factor to be considered in determining

---

[1] Rec. Doc. No. 42.

[2] Rec. Doc. No. 44.

[3] *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008).

[4] Rec. Doc. No. 41.

whether the administrator abused its discretion in denying a claim.").[5]

Accordingly, the Court recognizes that the abuse of discretion standard will apply; however, the Court cannot determine on the current record the weight to be given this factor in making a determination.

Furthermore, irrespective of any potential conflict of interest, the Court found genuine issues of material fact in this case. Neither party has carried their burden on summary judgment. The Court finds that there is disputed evidence in the administrative record as to the date that John Couvillion was terminated. The Court believes the factual disputes must be resolved in order to determine whether the Plan administrator's interpretation of the Plan was legally correct.

Additionally, the Court remains unconvinced that the administrative record in this case is complete, and has serious questions regarding the Plan administrator's alleged failure to obtain relevant information or include relevant information in the record which was arguably available to the administrator. The Court is likewise not persuaded that the Defendant has fully complied with the Magistrate Judge's discovery orders in this case.

Therefore, Defendant's *Motion for Reconsideration*[6] is DENIED.[7]

Baton Rouge, Louisiana, this 22 day of July, 2014.

*signature*

SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[5] *Holland v. International Paper Co. Retirement Plan*, 576 F.3d 240, 248 n. 3 (5th Cir. 2009).

[6] Rec. Doc. No. 42.

[7] The Court has considered all of the arguments by the parties whether or not specifically addressed herein.